CADY, Chief Justice
(concurring specially).
I concur in the opinion of the court. The claim described in the case fits within the existing framework of a medical malpractice tort, and the alleged wrongful conduct gives rise to damages. However, the damages recoverable under the tort must not hinge on the distinction between a child perceived as “normal” and a child perceived as “disabled.” Such a distinction can be illusory and only risks unwarranted stereotypes and undeserved assumptions based on bias. See Anne Bloom, The Radiating Effects of Torts, 62 DePaul L. Rev. 229, 242 (2013); Wendy F. Hensel, The Disabling Impact of Wrongful Birth and Wrongful Life Actions, 40 Harv. C.R.-C.L. L. Rev. 141, 144 (2005). Such a distinction must be discontinued.
In Nanke v. Napier, we held a parent could not recover damages for a negligently performed abortion that resulted in the birth of a “normal, healthy child” because the benefits of parenthood exceeded the financial burdens associated with parenthood. 346 N.W.2d 520, 522 (Iowa 1984). In this case, we identify the injury claimed in Nanke as the birth of a healthy child when seeking to distinguish the injury here as the deprivation of a parent’s ability to make an informed decision to terminate pregnancy. In truth, the injury in both cases is the same. In both cases, parents are deprived of the outcome of the decision they either made or would have made if given the opportunity. Thus, the real distinction between Nanke and this case is the perception that the child in Nanke was born normal and the child in this case was born disabled. See Anne Bloom & Paul Steven Miller, Blindsight: How We See Disabilities in Tort Litigation, 86 Wash. L. Rev. 709, 719-20 (2011). This means these cases instruct that damages are recoverable under this tort only when the child is disabled. This holding implies that while the benefits of parenting “normal, healthy” children can outweigh the costs, the benefits of parenting a disabled child will not.
Society would be better served if we proceed forward with this tort by abandoning the inclination to distinguish people as either normal or disabled. See Richard K. Scotch, Models of Disability and the Americans with Disabilities Act, 21 Berkeley J. Emp. & Lab. L. 213, 214-15 (2000). Instead, damages under the tort should be recoverable when the extra financial burden of raising the child would be substantial enough to support a decision to terminate a pregnancy under prevailing community and medical standards. This standard does not impinge on the individual constitutional right to an abortion; it only permits damages associated with the decision when the extra expenses of parenthood would reasonably support the termination of a pregnancy. In this way, the reasonableness of the decision to terminate pregnancy will not hinge on identifying the child as disabled, but on the extra expenses associated with parenting the child. Those expenses describe the essence of the damages. Our law should in every instance *415 seek to remove assumptions based on perceived differences in people.